PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his vehicle striking a hole while he was traveling eastbound on Route 60/14 (Kanawha Terrace), about one-half mile west from McKinley Junior High School in Kanawha County. Route 60/14 (Kanawha Terrace) is a road maintained by respondent in Kanawha County. The Court is of the opinion to make an award for the reasons more fully stated below.
The incident giving rise to this claim occurred on August 25, 1998, at approximately 6:30 to 7:00 p.m. At dusk that evening, the weather was clear. Normally, claimant does not travel Route 60/14. Route 60/14 is a two lane road that is about twenty-two feet wide, with eleven feet per lane. As claimant proceeded along Route 60/14 at a speed of thirty to thirty-five miles per hour in a thirty miles per hour speed zone, there was traffic on the road. Unbeknownst to claimant, there was a hole on Route 60/14. The hole was approximately eight to ten inches wide and eight inches deep. When claimant observed the h ole, he was unable to avoid a collision because of oncoming traffic. Claimant’s 1996ChevroletPrismstruckthehole. The resulting injury to claimant’s vehicle was that the passenger side front and rear wheels as well as struts had to be replaced and the vehicle aligned. Claimant had a deductible feature in the amount of $200.00 in his collision insurance coverage.
The position of respondent was it did not have notice that there was a hole at this location. After an inspection of the area in question, respondent was unable to find the hole in question. While, the exact location of the hole was unknown, there has been repair work on Route 60/14. There have been no further complaints regarding a hole on Route 60/14.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of motorist upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
*102 In the present claim, the evidence established that respondent at least had constructive notice of the defect on Route 60/14. Photographic evidence introduced at the July 9, 1999, hearing demonstrated that the hole on Route 60/14 was not a recent condition. The Court is of the opinion that respondent did not take reasonable steps to ensure the safety of travelers on Route 60/14. Consequently, there is sufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant limited to the sum of $200.00, the deductible feature in claimant’s collision insurance policy.
Award of $200.00